IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE MENDENHALL and JOHN MENDENHALL, III,<br><br>　　　　Plaintiffs,<br>　v.<br><br>JP MORGAN CHASE BANK, et al.,<br><br>　　　　Defendants.　　　　　　　　／ | No. C-10-5302 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; VACATING APRIL 29, 2011 HEARING** |

　　　　Before the Court are two motions: (1) defendant WCS Lending, LLC's ("WCS") Motion to Dismiss, filed March 16, 2011; and (2) defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Chase Home Finance LLC's ("Chase") Motion to Dismiss Plaintiffs' First Amended Complaint, filed March 21, 2011. Plaintiffs Elaine Mendenhall and John Mendenhall III ("the Mendenhalls") have filed opposition to each motion, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for April 29, 2011, and rules as follows.

**BACKGROUND**

**A. Factual Allegations**

　　　　For purposes of the instant motion, the Court assumes the following facts, alleged by

the Mendenhalls in First Amended Complaint ("FAC"), are true.

In December 2006, the Mendenhalls sought financing for the purchase of certain real property located on Gem Avenue in Castro Valley, California, and obtained the services of a mortgage broker, defendant Tal Shpritzman ("Shpritzman"), an employee of WCS. (See FAC ¶¶ 2, 8.)[1] The purchase price of the property was $809,000, and, through WCS, the Mendenhalls obtained two loans from JPMorgan, specifically, (1) an "adjustable rate mortgage" in the amount of $647,200, and (2) a "fixed rate loan" in the amount of $161,800. (See FAC ¶¶ 4, 24.b, 24.f; WCS's Req. for Judicial Notice Exs. C, D; JPMorgan's Req. for Judicial Notice Exs. 1, 2.)[2] Shpritzman made false representations to the Mendenhalls about the terms of the loans, for example, that the "loans would not contain a balloon payment" requirement (see FAC ¶ 34.e), when, in fact, the "second loan contained a significant balloon payment of $126,941,74 at the end of the loan's term" (see FAC ¶ 36.f). Additionally, Shpritzman "received an appraisal report on the subject property" indicating the "true value of the subject property was between $630,000.00 and $670,000.00," but withheld such report from the Mendenhalls. (See FAC ¶¶ 63-66.)[3] Further, Shpritzman "[f]orged" the Mendenhalls' signatures on "at least 12 pages of documents submitted as part of the loan application." (See FAC ¶ 14.)

On March 1, 2007, the Mendenhalls "closed the loan[s] on the [p]roperty." (See FAC ¶ 23). The documents the Mendenhalls received, however, "were ambiguous, incomplete

---

[1]Shpritzman has not appeared herein.

[2]Defendants' respective requests, unopposed by the Mendenhalls, that the Court take judicial notice of two deeds of trust for the purchase of the subject property are hereby GRANTED. The deed of trust corresponding to the second loan indicates the loan was in the amount of $161,800, not $161,205, the amount alleged in the FAC, and the lender for such loan was JPMorgan, not Chase, the lender alleged in the FAC.

[3]WCS has requested the Court take judicial notice of two appraisals, which, according to WCS, were conducted at Shpritzman's request prior to the closing of the subject loans, and which estimate the value of the property to be in excess of the $809,000 purchase price. (See WCS's Req. for Judicial Notice. Exs. E, F.) The Mendenhalls object to WCS's request. The Court declines to take judicial notice of the appraisals because they are not authenticated and, in any event, such documents do not foreclose the possibility that Shpritzman was in possession of an appraisal report with a lower estimate.

and contradictory in nature." (See FAC ¶ 29.c). Specifically, the Mendenhalls were "provided with multiple drafts[,] and versions of some documents purported to contain the material terms of their [l]oan but these multiple versions were inconsistent in their statement of the terms of the loan," and they were "not given copies of the original signature pages of their loan documents to help them understand which terms applied to their loan." (See id.)

The Mendenhalls did not receive a "copy of their complete and final loan package" or a copy of the "[f]orged documents" until May 12, 2010 when Chase, the loan servicer, produced such documents in response to a "Qualified Written Request" made by the Mendenhalls. (See FAC ¶¶ 29a, 29b, 29c.) According to the Mendenhalls, "[t]his date [May 12, 2010] represented the [Mendenhalls] first true opportunity to read and review all of the terms and disclosures related to their mortgage loan." (See FAC ¶ 29.a.)

**B. Legal Claims**

Based on the above factual allegations, the Mendenhalls assert three causes of action against all defendants, specifically, their First Cause of Action, alleging a claim of "fraud by concealment," Second Cause of Action, alleging a claim of "fraud by intentional misrepresentation," and Fourth Cause of Action, alleging a claim of "negligent misrepresentation." Additionally, as against Shpritzman and WCS, the Mendenhalls assert a Third Cause of Action, alleging a claim of "breach of fiduciary duty."

**DISCUSSION**

Defendants, in their respective motions, argue that each of the Mendenhalls' claims is barred by the applicable statute of limitations.

The First and Second Causes of Action, each alleging fraud, and the Third Cause of Action, alleging breach of fiduciary duty based on a theory of fraud, are subject to a three-year statute of limitations. See Cal. Code Civ. Proc. § 338(d) (providing "action for relief on the ground of fraud" is subject to three-year statute of limitations"); City of Vista v. Robert Thomas Securities, Inc., 84 Cal. App. 4th 882, 889 (2000) (holding three-year statute of limitations applies to claim for breach of fiduciary duty based on theory of fraud). The

Fourth Cause of Action, alleging negligent misrepresentation, is subject to a two-year statute of limitations. See Platt Electrical Supply, Inc. v. Eoff Electrical, Inc., 522 F.3d 1049, 1054 (9th Cir. 2008) (holding, under California law, "[f]or negligent misrepresentation, there is a two-year statute of limitations").

Defendants argue the Mendenhalls' claims accrued no later than March 1, 2007, the date the subject loans closed, which date is more than three years prior to October 8, 2010, the date on which the Mendenhalls filed their initial complaint. The Mendenhalls contend their claims either accrued on May 12, 2010, or, alternatively, that the applicable statutes of limitations were tolled until May 12, 2010, the date on which the Mendenhalls allege they first obtained a "complete" set of the loan documents, for the reason that, prior to said date, defendants "deliberately withheld" such complete set from them. (See FAC ¶ 29.c.)

The Ninth Circuit has summarized California law applicable to the determination of when a claim accrues, as well as when the statute of limitations can be tolled based on the principle of fraudulent concealment:[4]

> A cause of action accrues when the claim is complete with all of its elements. Although this ordinarily occurs on the date of the plaintiff's injury, accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements. Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation. So long as there is a reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her.
>
> Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period. In so using the term

---

[4] In their oppositions, the Mendenhalls rely on the test for equitable tolling set forth in Sagehorn v. Engle, 141 Cal. App. 4th 452 (2006). In Sagehorn, the California Court of Appeal addressed whether the federal test for equitable tolling could be established as to the federal claim alleged by the plaintiff therein. See id. at 460-63. The test set forth in Sagehorn, however, is inapplicable to the Mendenhalls' claims, each of which arises under California law. See Albano v. Shea Homes Ltd. Partnership, 634 F.3d 524, 530 (9th Cir. 2011) (holding district court sitting in diversity applies state statute of limitations and state tolling rules). The Court nonetheless notes that, with respect to equitable tolling, the federal law as set forth in Sagehorn, is not markedly different from California law as set forth in Platt Electrical.

> elements, we do not take a hypertechnical approach to the application of the discovery rule. Rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them.
>
> A common thread seems to run through all the types of actions where courts have applied the discovery rule. The injury or the act causing the injury, or both, must have been difficult for the plaintiff to detect.
>
> A close cousin of the discovery rule is the well accepted principle of fraudulent concealment. The rule of fraudulent concealment is applicable whenever the defendant intentionally prevents the plaintiff from instituting suit. In order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry. In urging lack of means of obtaining knowledge, it must be shown that in the exercise of reasonable diligence the facts could not have been discovered at an earlier date.

See Platt Electrical, 522 F.3d at 1054-55 (internal quotations and citations omitted).

In essence, as the California Court of Appeal has explained, a court's determination as to tolling based on alleged fraudulent concealment is governed by the "same" analysis as that applicable to a determination as to when a fraud claim accrues. See Baker v. Beech Aircraft Corp., 39 Cal. App. 3d 315, 321 (1974). Consequently, because the Mendenhalls assert they are entitled to equitable tolling based on defendants' alleged concealment of the actual terms of the subject loans, the court's analysis of when their claims accrued and whether they are entitled to equitable tolling is the same. See, e.g., Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1024-25 (9th Cir. 2008) (holding, in context of fraud claim arising under California law, plaintiff failed to show "fraudulent concealment" and, consequently, was not entitled to benefit of discovery rule for purposes of determining date of accrual).

As discussed above, the gravamen of the Mendenhalls' claims is that their mortgage broker misrepresented certain of the terms of the loans, failed to disclose all of the material terms of the loans, and forged the Mendenhall's signature on some of the loan documents. Given such conduct, the Mendenhalls assert, they did not know the actual terms of the loan at the time the loans closed in March 2007, and, consequently, that their claims did not

accrue until May 2010, and/or the running of the three-year period of limitations was tolled until May 2010, the date on which they allegedly first received a complete set of the loan documents.

The Mendenhalls have failed to allege, however, sufficient facts to support a finding that "in the exercise of reasonable diligence" the alleged fraudulent conduct "could not have been discovered at an earlier date." See Platt Electrical, 522 F.3d at 1055; see also Clemens, 534 F.3d at 1024 (holding "plaintiff must affirmatively excuse his failure to discover the fraud within three years by showing that he was not negligent in failing to make the discovery sooner"). Indeed, in the FAC, the Mendenhalls concede they received "ambiguous, incomplete and contradictory" loan documents at the time the loans closed, including "multiple versions [that] were inconsistent in their statement of the terms" of the loans. (See FAC ¶ 29.c.)

As the California Supreme Court has held, where a plaintiff has "notice or information of circumstances which would put him on an inquiry which, if followed, would lead to knowledge, . . . he will be deemed to have had actual knowledge of these facts." See Lady Washington Consolidated Co. v. Wood, 113 Cal. 482, 487 (1896). Here, the Mendenhalls had notice of circumstances that, at a minimum, would put them on notice that something was amiss with the loan, specifically, "ambiguous, incomplete and contradictory" loan documents, yet they did nothing for more than three years thereafter, at which time they finally requested a complete set of the loan documents.

In an apparent attempt to explain why they nonetheless should be deemed to have acted diligently, the Mendenhalls allege they "lacked the experience and education in mortgage lending matters required to understand that the documents they were given [in 2007] were not a complete and accurate disclosure of their loan terms." (See FAC ¶ 29.c.) Even assuming, however, the Mendenhalls are alleging they somehow failed to perceive for more than three years that their "ambiguous, incomplete and contradictory" documents did not constitute a "complete and accurate disclosure of their loan terms" (see id.), such lack of perception, at least on the facts as pleaded, would not be consistent with

6

"reasonable diligence." See Platt Electrical, 522 F.3d at 1055.

Accordingly, the motions to dismiss will be granted.[5]

Although it is unclear from the Mendenhalls' oppositions to the respective motions that they can cure the deficiencies identified above, the Court nonetheless will afford them an opportunity to file a Second Amended Complaint to allege additional facts, if such facts exist, to support a finding that their claims, or any of them, are timely.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss are hereby GRANTED, and the First Amended Complaint is hereby DISMISSED.

In the event the Mendenhalls file a Second Amended Complaint, any such pleading shall be filed no later than May 13, 2011.

**IT IS SO ORDERED.**

Dated:  April 25, 2011

MAXINE M. CHESNEY
United States District Judge

---

[5] The Court does not decide herein whether the claims, or any of them, are subject to dismissal on grounds other than untimeliness.